TODD BLANCHE
Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264

TAMER B. BOTROS
Assistant United States Attorney
Nevada Bar No. 12183
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Fax: (702) 388-6787
Tamer.Botros@usdoj.gov

*Attorneys for the Federal Respondents*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Yuriselys Rodriguez Pina,<br><br>Petitioner,<br><br>v.<br><br>USCIS, *et al.*<br><br>Defendants. | Case No. 2:26-cv-01888-RFB-DJA<br><br>**Stipulation to Extend Federal Defendants' Deadline to File a Response to Plaintiff's Complaint (ECF No. 1)**<br><br>**(First Request)** |

Plaintiff Yuriselys Rodriguez Pina ("Plaintiff") and Federal Defendants, by and through respective undersigned counsel, move this Court for an extension of time up to and including **October 6, 2026**, for Federal Defendants to file a response to Plaintiff's Complaint (ECF No. 1). Plaintiff has been scheduled for an interview on September 21, 2026, which may obviate the need for further litigation on this matter. Plaintiff's counsel and Federal Defendants' counsel conferred on August 27, 2026, and Plaintiff's counsel agreed to extend Federal Defendants' response date to **October 6, 2026**. This is the parties' first stipulated request for an extension of time for Federal Defendants to respond to Plaintiffs' Complaint. This stipulation is filed in good faith and not for undue delay.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Under Federal Rule of Civil Procedure 6(b), a court may, "for good cause," extend a deadline if a request is made "before the original time or its extension requires." Fed. R.

Civ. P. 6(b)(1)(A); *see also* Local Rule IA 6-1(a). The Ninth Circuit has equated good cause with the exercise of due diligence. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Additionally, Fed. R. Civ. P. 6(b)(1) should "be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits," and "requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (internal citations omitted). Courts also have inherent authority to manage their own dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

The parties submit that good cause exists for this extension because Plaintiff has been scheduled for an interview on September 21, 2026, which may obviate the need for further litigation on this matter. If this stipulation for an extension of time is granted, the new deadline for Federal Defendants to file a response to Plaintiff's Complaint will be **October 6, 2026**. Given Federal Defendants' diligence in scheduling the interview, and Plaintiffs' consent, good cause exists for the extension.

/ / /

The parties therefore respectfully request that the Court grant this stipulation.

Respectfully submitted this 27th day of August 2026.

SIGAL CHATTAH
First Assistant United States Attorney

*/s/ Nallely Abad*
NALLELY ABAD
nallely@handy.law

SPENCER JUDD
immigration@sjlaw.vegas

*Attorneys for Plaintiff*

*/s/ Tamer B. Botros*
TAMER B. BOTROS
Assistant United States Attorney

*Attorneys for Federal Defendants*

**IT IS SO ORDERED:**

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: August 28, 2026